WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Demetrius Antwan Wilson, | No. CV-16-02096-PHX-JAT (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey Alvarez, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Demetrius A. Wilson's "Notice of Change of Magistrate Judge Deborah M. Fine and Requesting She Be Removed" ("Motion"). (Doc. 25). Plaintiff requests that Magistrate Judge Fine be "removed" from both this action, 2:16-CV-02096-JAT-DMF, as well as 2:14-CV-01613-JAT-DMF,[1] due to alleged bias against the movant.[2] Having considered Plaintiff's filing, the Court now rules on the motion.

**I.**

Two statutes govern whether a federal judge must recuse in a particular case, Title 28 U.S.C. §§ 144 and 455 (2012). The Court is unclear as to which statute Plaintiff

---

[1] This Order addresses only Plaintiff's request with respect to the instant matter. Despite seeking Magistrate Judge Fine's removal in 2:14-CV-01613-JAT-DMF, Plaintiff has not filed the appropriate motion in that case.

[2] Plaintiff also filed a similar motion in 2:16-CV-3012-JAT-DMF that is addressed by separate order.

moves under, and will address both with respect to Plaintiff's claims.[3]

Section 144 applies when a party to a proceeding believes that the judge "has a personal bias or prejudice either against him or in favor of any adverse party," 28 U.S.C. § 144, and "expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citations omitted). Specifically, the statute provides:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. When a party files a timely and legally sufficient affidavit pursuant to section 144, the judge "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." *Id.*; *Sibla*, 624 F.2d at 867. But "if the motion and affidavit required by section 144 [are] not presented to the judge, no relief under section 144 is available." *Sibla*, 624 F.2d at 868.

Having reviewed Plaintiff's motion, the Court finds that it does not comply with the requirements set forth in 28 U.S.C. § 144. Plaintiff has not attached any affidavit to his motion, let alone one that alleges sufficient facts to satisfy the statute's demands. Even forgiving Plaintiff's failure to submit an affidavit as required by 28 U.S.C. § 144, Plaintiff has failed to proffer sufficient evidence to justify recusal. Section 144 "must be given the utmost strict construction to safeguard the judiciary from frivolous attacks upon its integrity and to prevent abuse and ensure the orderly functioning of the judicial

---

[3] *See Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984) (citation omitted) (courts must "liberally construe" the pleadings of pro se litigants); *see also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (courts should liberally construe the "inartful pleading" of pro se litigants); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (courts in this Circuit should hold "pro se pleadings to a less stringent standard than formal pleadings prepared by lawyers").

system." *Rademacher v. City of Phoenix*, 442 F. Supp. 27, 29 (D. Ariz. 1977) (citations omitted). Allegations that are merely conclusory are not legally sufficient. *United States v. $292,888.04 U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995); *United States v. Vespe*, 868 F.2d 1328, 1340 (3d. Cir. 1989). And the Supreme Court has determined that a court's judicial rulings "almost never" constitute a valid basis for a motion to disqualify. This is because "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S. at 554-55.

The principal contention supporting Plaintiff's motion is that Magistrate Judge Fine has denied his motions to file an amended complaint on multiple occasions where Plaintiff had previously fixed the at-issue deficiencies. This allegation is conclusory, unsupported by evidence, and amounts to a claim of bias that emanates from Magistrate Judge Fine's prior opinions, which is "almost never" a valid basis to support recusal. And nothing suggests that Magistrate Judge Fine's opinions "indicate that the judge has 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Reed v. Barcklay*, No. CV-11-01339-PHC-JAT (JFM), 2012 U.S. Dist. LEXIS 87988, at *11 (D. Ariz. June 25, 2012) (quoting *Liteky*, 510 U.S. at 555) (noting that the judicial opinions of a judge may serve as an appropriate basis for recusal under such circumstances). Thus, even considering the merits of Plaintiff's motion, it must fail. Accordingly, to the extent that Plaintiff seeks recusal of Magistrate Judge Fine under 28 U.S.C. § 144, Plaintiff's claim fails and will be denied, with prejudice.

To the extent that Plaintiff seeks removal under 28 U.S.C. § 455, the Court finds that Plaintiff's motion fails on the merits for the same reasons. Although a section 455 motion may be raised by a party *sua sponte*, does not require an accompanying affidavit, and is self-executing, motions under section 455 are held to the same legal standard as under section 144, and "judicial rulings alone almost never constitute a valid basis for a

bias or partiality motion." *United States v. Liteky,* 510 U.S. 540, 554 (1994). Here, as discussed previously, Plaintiff's only basis for relief is tied to Magistrate Judge Fine's prior judicial opinions, which is improper. Moreover, Plaintiff alleges absolutely no facts or evidence to support his claim of partiality/conflict of interest. Thus, no "reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (citation omitted); *see also United States v. $292,888.04 U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (noting that allegations of bias or partiality that are conclusory in nature are legally insufficient to support recusal/removal). Therefore, even considered under § 455, Plaintiff's motion fails, and will be denied, without prejudice.

**II.**

For the aforementioned reasons,

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** only with respect to Plaintiff's "Notice of Change of Magistrate Judge Deborah M. Fine and Requesting She Be Removed," (Doc. 25), and that all other matters must remain with the Magistrate Judge.

**IT IS FURTHER ORDERED** that to the extent Plaintiff's "Notice of Change of Magistrate Judge Deborah M. Fine and Requesting She Be Removed," (Doc. 25), seeks removal of Magistrate Judge Fine pursuant to 28 U.S.C. § 144, it is **DENIED**, with prejudice.

**IT IS FURTHER ORDERED** that to the extent Plaintiff's "Notice of Change of Magistrate Judge Deborah M. Fine and Requesting She Be Removed," (Doc. 25), seeks removal of Magistrate Judge Fine pursuant to 28 U.S.C. § 455, it is **DENIED**, without prejudice.

Dated this 28th day of September, 2016.

James A. Teilborg
Senior United States District Judge